# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | 2:15-cr-00007-JMS-CMM-8 |
| vs. ) | |
| ) | |
| BRANDON L. ROSS, ) | |
| Defendant ) | |

## REPORT AND RECOMMENDATION

On February 7, 2024, the Court conducted an initial and final hearing on the Petition for Warrant/Violation for Offender Under Supervision filed on January 30, 2024 [Dkt. 751]. Brandon L. Ross ("Defendant") appeared with CJA counsel, Jonathan Chance. The Government appeared by William McCoskey, Assistant United States Attorney. U. S. Probation appeared by Officer Jennifer Considine.

The parties advised the Court at the outset of the hearing that a proposed agreement was reached by which the defendant would admit to Violation Numbers 1, 2 and 3 of the Petition. The parties recommended a sentence of four months below the minimum Guidelines.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. §3583:

1.  The defendant was advised that on January 31, 2024, that this matter had been referred by the District Judge and that the District Judge has final authority whether to accept, reject, or modify the magistrate judge's recommendation.

2. After being placed under oath, Defendant advised that he consented to the proposed agreement, had sufficient opportunity to consult with counsel, and entered into the agreement voluntarily. Defendant admitted Violations No. 1, 2, and 3.

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| VIOLATION NUMBER | NATURE OF NONCOMPLIANCE |
|---|---|
| 1. | "The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance." <br><br> As previously reported to the Court, on September 18, November 9, 20, and 27, 2023, Mr. Ross submitted urine drug that tested positive for marijuana. On October 6, 10, and November 9, 2023, he submitted urine drug tests that returned positive for marijuana and amphetamines. |
| 2. | "You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to changes in residence occupants, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change." <br><br> As previously reported to the Court, on January 8, 2024, this officer attempted to complete a random home contact at the sober living house Mr. Ross was residing. Upon speaking with staff they indicated Mr. Ross left sometime in December 2023 and never returned. <br><br> On January 27, 2024, Mr. Ross left an inpatient treatment center where he had been directed to reside, against the advice of medical and mental health professionals. To date, he has not reported a new address to this officer.. |
| 3. | "You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer." <br><br> On January 27, 2024, Mr. Ross left Anabranch Recovery center against medical and mental health professionals legal advice. |

4. The parties stipulated that:

(a) The highest grade of violation is a Grade **B** violation.

(b) Defendant's criminal history category is **V**.

    (c)  The range of imprisonment applicable upon revocation of supervised release, therefore, is **18-24** months imprisonment.

 5.  The Magistrate Judge, having considered the factors in 18 U.S.C. §3553(a), and as more fully set forth on the record, finds that:

  (a)  The Defendant violated the supervised release condition as alleged in Violations 1, 2, and 3;

  (b)  The Magistrate Judge recommends that the defendant be sentenced to the custody of the U.S. Bureau of Prisons for a period of 14 months, and further recommends placement at Marion USP (per Defendant's request). Consistent with the parties' agreement, two years of supervised release will follow release;

  (c)  The Court finds that the agreement is appropriate following an extensive review of the parties' rationale. This is, nevertheless, a difficult call. The undisputed evidence discloses that the defendant's resumption of illegal behavior, e.g., use of marijuana and various controlled substances resumed within a month of his release after serving more than seven years in prison. That behavior was compounded by his uncooperative response to the Probation Officer and subsequent non-cooperation with substance abuse counseling and in-patient care. The defendant expressed remorse and noted that he had been on suboxone therapy prior to his release from prison but had no resources to continue that therapy after release. While not an excuse, the disclosure at least explains the swiftness of relapse and the evident increasing use of illegal substances in the following weeks. This included fentanyl, for example. The defendant overdosed at some point and was revived by Narcan. This petition and his arrest followed shortly thereafter.

 The rationale offered by the Government and defense counsel was ultimately persuasive: The defendant is an addict. Incarceration will not cure addiction, but it

may at least establish a baseline of soberness before his next release. The Probation Office is on board—and the commitment to give the defendant a second chance under supervision is not necessarily common in these circumstances. The testimony of the Probation Officer expressed hope and commitment to support the defendant's efforts upon release. This was enough, in my judgment, to approve the parties' agreement. A colloquy with the defendant confirmed his understanding of both the challenges and the great good fortune the agreement represented by such a disposition.

Defendant shall remain in custody pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the 14-day objection period to file objections for the consideration of the District Judge.

Dated: February 7, 2024

CRAIG M. McKEE, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution: All ECF-registered counsel of record via email generated by the court's ECF system